UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-23197-CIV-GAYLES/TURNOFF

**AVERY HILL**,

    Plaintiff,

vs.

**FEDERAL HOME LOAN MORTGAGE CORPORATION** as Trustee, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., and Federal Home Loan Mortgage Corporation's Motion to Dismiss Plaintiff's Complaint [ECF No. 15]. In their Motion, Defendants argue, *inter alia*, that the Complaint should be dismissed because this Court has no subject matter jurisdiction over Plaintiff Avery Hill's claims under the *Rooker-Feldman* doctrine. [*Id.* at 3]. This Court has reviewed the Motion, the parties' submissions, the record, and the applicable law. For the reasons that follow, Defendants' Motion to Dismiss is granted.

**I.    BACKGROUND**[1]

Plaintiff secured a Mortgage for real property located in Miami Gardens, Florida, on or about August 31, 2007. [ECF No. 1 at ¶ 21]. Shortly thereafter, the loan was bundled into a group of notes and sold to investors as a derivative Mortgage Backed Security ("TRUST"), issued by Defendant Federal Home Loan Mortgage Corporation ("FREDDIE MAC"). [*Id.* at ¶ 22]. On or

---

[1] The Court accepts the facts as alleged by the Complaint and, at this stage, the allegations in the Complaint are viewed in the light most favorable to Plaintiff. *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

about March 30, 2010, an announcement was made regarding foreclosure actions by Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"). [*Id*. at ¶ 23]. On or about September 26, 2011, an Assignment of the Mortgage was recorded in the County Recorder's office for Miami-Dade County purportedly transferring the mortgage to Bank of America, N.A. ("BOA"). [*Id*. at ¶ 125]. A foreclosure judgment was entered related to the subject property on August 13, 2013, by the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, in Case No. 2012-010352-CA-01.

On August 26, 2015, Plaintiff filed this instant action alleging that the foreclosure was unlawful and wrongful and that "all the recorded foreclosure documents identified . . . should be cancelled [and that] [t]he sale should be rescinded as well." [*Id*. at ¶ 170]. Plaintiff contends that the foreclosure sale is void because the assignment from MERS to the servicer or FREDDIE MAC was not recorded before the foreclosure began. [*Id*. at ¶¶ 26–35]. Plaintiff also claims that Defendants had no standing to initiate a foreclosure and were only able to do so through perpetuated frauds. [*Id*. at ¶¶ 64–92]. Next, Plaintiff attacks the ownership chain of title, the assignment validity, and the use of robo-signers in the foreclosure document review process. [*Id*. at ¶¶ 119–135]. Ultimately, Plaintiff seeks relief in the form of a declaration that the foreclosure and sale be declared "illegal and void," and for the associated damages therefrom. [*Id*. at ¶ 201].

On October 22, 2015, Defendants filed the instant Motion to Dismiss. *See* [ECF No. 15]. In this Motion, Defendants argue that: (1) the *Rooker–Feldman* doctrine deprives this Court of subject matter jurisdiction; (2) Plaintiff's claims are barred as compulsory counterclaims to the state court's foreclosure action; (3) the doctrine of "estoppel by judgment" precludes Plaintiff from re-litigating this action; and (4) collateral estoppel bars plaintiff from pursing new litigation as to the improper conduct regarding the prior foreclosure action. *See* [*Id*.]. By these arguments, Defendants conclude that Plaintiff's claims fail to satisfy *Twombly* and *Iqbal* scrutiny. [*Id*. at 2–3];

2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically to the first argument, Defendants argue that this Court lacks subject matter jurisdiction based on the *Rooker-Feldman* doctrine because "Plaintiff's action is 'inextricably intertwined' with the final judgment of foreclosure entered by the state court." [ECF No. 15. at 3, 6]. Defendants allege that, in essence, Plaintiff is ultimately asking this Court to "re-examine the state court decision." [*Id*. at 5].

On November 4, 2015, Plaintiff filed a response in opposition to Defendants' Motion to Dismiss. *See* [ECF No. 16]. In this response, Plaintiff argues that the *Rooker-Feldman* doctrine is not applicable to this case because of "newly discovered[] evidence [that] debunks the erroneous decision rendered at the State court level." [*Id*. at 2]. Plaintiff also submitted that although the foreclosure suit filed with the state "is more or less the entire basis for the [i]nstant [m]otion," Defendants had no standing "to initiate that suit in the first place." [*Id*. at 3]. Plaintiff continues that this instant action is filed "in order to have [a] fair and impartial trial outside the corrupt Circuit Division." [*Id*.]. Finally, Plaintiff requests leave to amend portions or all of the Complaint, as an alternative to granting Defendants' Motion to Dismiss. [*Id*. at 4, 8]. On November 16, 2015, Defendants filed a reply in support of their Motion to Dismiss, re-asserting their original arguments and noting that any argument in regard to the foreclosure action should have been litigated in state court. *See* [ECF No. 17].

## II. LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1) may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if plaintiff has "sufficiently alleged a basis for subject matter jurisdiction." *Id.* at 1251. Furthermore, "the court must consider the allegations in plaintiff's

3

complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[2] By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings . . . are considered.'" *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In a factual attack, "no presumptive truthfulness attaches to [a] plaintiff's allegations," *Lawrence*, 919 F.2d at 1529 (citation and internal quotation marks omitted), and plaintiff bears the burden to prove the facts sufficient to establish subject matter jurisdiction. *See OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

Here, Defendants have advanced a factual attack on Plaintiff's Complaint because they contend that this Court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine. *See, e.g.*, *Christophe v. Morris*, 198 F. App'x 818 (11th Cir. 2006) (per curiam) (affirming a district court's decision to dismiss plaintiff's complaint where the district court had considered *Rooker–Feldman* as a factual attack on its subject matter jurisdiction). Accordingly, this Court may properly consider evidence outside the pleadings in determining whether the Complaint should be dismissed.

## III. DISCUSSION

As outlined above, Defendants raise several arguments in their Motion. Because the Court agrees with Defendants that it lacks subject matter jurisdiction over this case pursuant to the *Rooker–Feldman* doctrine, it will not address the remaining arguments.[3]

"The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam) (applying *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v.*

---

[2] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[3] There is no procedural bar to the application of the *Rooker–Feldman* doctrine here. The state foreclosure judgment was entered on August 13, 2013 and the present federal action was not filed until August 26, 2015. *See Nicholson v. Shafe*, 558 F.3d 1266, 1276 (11th Cir. 2009).

*Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923)). The doctrine also bars claims "inextricably intertwined" with the state court's judgment. *See Feldman*, 460 U.S. at 482 n.16. A claim is "inextricably intertwined" if it would "effectively nullify" the state court judgment or if it "succeeds only to the extent that the state court wrongly decided the issues." *Casale*, 558 F.3d at 1260 (quoting *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)) (internal quotation marks omitted); *see also Springer v. Perryman*, 401 F. App'x 457, 458 (11th Cir. 2010) (per curiam).

    Defendants argue that Plaintiff's claims fall under the *Rooker-Feldman* doctrine because they are inexplicably intertwined with the state court judgment of foreclosure. *See* [ECF No. 15 at 3–7]; *see also Parker v. Potter*, 368 F. App'x 945, 947-48 (11th Cir. 2010) (rejecting under *Rooker–Feldman* a federal claim under the Truth in Lending Act that sought rescission of a state foreclosure judgment); *Velardo v. Fremont Inv. & Loan*, 298 F. App'x 890, 892-93 (11th Cir. 2008) (per curiam) (holding that appellants' TILA claims were inextricably intertwined with a state court foreclosure judgment and were thus barred under *Rooker–Feldman*); *Harper v. Chase Manhattan Bank*, 138 F. App'x 130, 132-33 (11th Cir. 2005) (per curiam) (affirming dismissal of federal claims under *Rooker–Feldman* because they were inextricably intertwined with the state-court foreclosure proceeding); *Distant v. Bayview Loan Servicing, LLC*, No. 09-61460, 2010 WL 1249129, at *2-4 (S.D. Fla. Mar. 25, 2010) (dismissing plaintiff's claims for common law civil conspiracy under *Rooker–Feldman*). In fact, Plaintiff's claims arise from the same operative facts of the state foreclosure action.

    Plaintiff's sole argument in opposition to the application of *Rooker–Feldman* is that the doctrine does not apply "due to newly discovered evidence [which] debunks the erroneous [sic] decision rendered at the State court level." [ECF No. 16 at 2]. Plaintiff, however, mentions nowhere in the pleadings what this so-called "newly discovered evidence" is, nor cites any

5

authority to support the proposition that "newly discovered evidence" is a standard that somehow allows the claims to circumvent the *Rooker–Feldman* doctrine. While the Court recognizes that "*pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 2004), Plaintiff has not established an exception to the *Rooker–Feldman* mandate.

Plaintiff ultimately seeks to undo the state court foreclosure judgment. However, this requested relief falls squarely under the *Rooker–Feldman* doctrine as Plaintiff now contests the validity of that judgment in federal court based on his purported injuries suffered as a result of the foreclosure. Thus, his new claims are inextricably intertwined with the state foreclosure claims, and they should have been raised during the state foreclosure proceedings.

Plaintiff also seeks monetary damages from the same alleged wrongful and unlawful foreclosure. [ECF No. 1 at ¶ 201]. Regardless of the legal theories Plaintiff's individual claims are premised upon, each claim has a connection with Plaintiff's mortgage and alleged wrongful foreclosure. As a result, any damages sought here would necessarily be inextricably intertwined with the foreclosure judgment. Therefore, to the extent Plaintiff seeks monetary damages and does not seek to overturn the state court foreclosure judgment, this distinction has no bearing on the Court's decision as damages would only be available where there was a wrongful foreclosure. *See Oral Wint & Gail Wint v. BAC Home Loans Servicing, LP*, No. 9:15-CV-80376, 2015 WL 3772508, at *3 (S.D. Fla. June 17, 2015) (citing *Rene v. Citibank*, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999)).

Accordingly, the Court concludes that Plaintiff's claims are inextricably intertwined with the state court foreclosure judgment and, as a result, are barred by the *Rooker–Feldman* doctrine. *See generally Flournoy v. Gov't Nat'l Mortgage Ass'n,* 2016 WL 98699 (S.D. Fla 2016). This Court, therefore, does not have subject matter jurisdiction over Plaintiff's claims.

As an alternative, Plaintiff requests leave to amend portions or all of the Complaint. *See* [ECF No. 16 at 4, 8]. However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, an amendment would be futile in light of the *Rooker–Feldman* jurisdictional defect because any relief sought by Plaintiff in relation to the foreclosure would necessarily be intertwined with the state's foreclosure judgment. Plaintiff has failed to articulate how any proposed amendment might resolve this defect. *See Cavero v. One W. Bank FSB*, 617 F. App'x 928, 931 (11th Cir. 2015). Accordingly, the Court denies Plaintiff's request for leave to amend.

**IV.   CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [**ECF No. 15**] is **GRANTED**. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

Plaintiff's request for leave to amend his Complaint is **DENIED**.

The Clerk is directed to **CLOSE** this case, and any pending Motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of March, 2016.

 

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
All Counsel of Record